```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-80379-CIV-MARRA
                              MAGISTRATE JUDGE P. A. WHITE
LONNIE MORGAN,              :
         Plaintiff,         :
v.                          :      REPORT OF
                                   MAGISTRATE JUDGE
MICHAEL J. SATZ, ET AL.,    :
         Defendant.         :
_____
```

## I. Introduction

The plaintiff Lonnie Morgan, presently confined at the Glades Correctional Institution (Work Camp), has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 and supplement. [DE#'s 1, 6].

The plaintiff seeks an Order compelling the State Attorney to conduct DNA testing upon the cocaine seized as evidence. The plaintiff claims that the arresting deputies alleged that he put the cocaine in his mouth, and he believes the absence of DNA evidence on the seized cocaine would exonerate him.

## II. Analysis

The plaintiff was convicted of possession of cocaine on May 2, 2007 in Broward County. The conviction was affirmed on appeal, without opinion. Morgan v. State, 978 S.2d 231 (4th DCA April 2, 2008). The plaintiff has not supplied any details about his conviction other than his claim that deputies alleged (presumably at the state trial) that on March 2, 2006 they observed the plaintiff crush several crack rocks in his left hand and place or attempt to place some of the crack rocks in his mouth. The record

contains no transcripts or any other details about his state criminal proceedings.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

>Sec. 1915 Proceedings in Forma Pauperis
>
>\* \* \*
>
>(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
>
>\* \* \*
>
>(B) the action or appeal -
>
>\* \* \*
>
>(i)  is frivolous or malicious;
>
>(ii) fails to state a claim on which relief may be granted; or
>
>(iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must

3

be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The Eleventh Circuit has held that civil actions seeking post-conviction access to evidence for DNA testing purposes are not Heck-barred[1] and may be brought as a §1983 action. Bradley v. Pryor, 305 F.3d 1287, 1290 (11 Cir. 2002), cert. denied, 538 U.S. 999 (2003). The Bradley Court noted that success in such a lawsuit would not demonstrate the invalidity of a conviction or sentence, because a litigant prevails once he has access to the requested evidence or an accounting for its absence. The Court noted that: "Nothing in that result necessarily demonstrates or even implies that his conviction is invalid. As Bradley points out, it is possible that the evidence will not exculpate him, or the proof will show that any unavailable evidence was lost innocently. In

---

[1] If a prisoner or detainee brings claims in a civil rights action that challenge the legality of his conviction or sentence, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. at 486-487.

4

that case, he would have no grounds subsequently to pursue a challenge to his conviction or sentence. But even if the evidence, after testing, permits Bradley to challenge his sentence, that challenge is no part of his §1983 suit. He would have to initiate an entirely different lawsuit, alleging an entirely different constitutional violation, in order to demonstrate that his conviction and sentence are invalid." Id. at 1290. The Bradley Court held only that post-conviction federal civil rights complaints seeking evidence for biological testing are not barred by Heck; it did not address the merits of such claims.

In Grayson v. King, 460 F.3d 1328 (11 Cir. 2006), cert. denied, ___ U.S. ___, 127 S.Ct. 1005 (January 8, 2007), the Circuit Court was faced with an appeal that presented the issue of whether a criminal defendant has a federal constitutional right to post-conviction access to evidence for DNA testing. The Court determined that under the circumstances of Grayson's case, he could not establish that he had a constitutional right to DNA evidence. Grayson was convicted of murder in 1982 and sentenced to death. The opinion found that Grayson had a fair trial in which overwhelming evidence was presented against him, he had confessed, he admitted his crimes at trial and he did not contend in his civil rights action that he was actually innocent. Grayson's state conviction and sentence were affirmed on direct appeal, and he pursued state and federal habeas corpus cases from 1986 to 2001, never seeking any DNA testing of the blood and semen evidence found at trial. Grayson first sought to obtain the biological evidence in 2002, 20 years after he was convicted. The Grayson Court found that under the circumstances of his criminal case, the results of any DNA testing would relate to a rape that was perpetrated along with the murder and could not exculpate Grayson of capital murder, which was the only crime of conviction. The Court stated "the non-

5

biological evidence against him was and is overwhelming." 460 F.3d at 1341.

The Grayson Court held that under those circumstances there was no Fourteenth Amendment right to the post-conviction production of biological evidence, pursuant to Brady v. Maryland[2], 373 U.S. 83 (1963) and its progeny, or Mathews v. Eldridge[3], 424

---

[2] In Brady, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. The Brady rule is grounded in a defendant's right to a fair trial. The Supreme Court has since explained that "unless the omission deprived the defendant of a fair trial, there was no constitutional violation requiring that the verdict be set aside .... [T]he prosecutor will not have violated his constitutional duty of disclosure unless his omission is of sufficient significance to result in the denial of the defendant's right to a fair trial." United States v. Bagley, 473 U.S. 667, 675-76 (1985) (quotation marks omitted); Kyles v. Whitley, 514 U.S. 419, 434 1995) (noting that the question under Bagley is whether, in the absence of the evidence, the defendant received a fair trial); United States v. Agurs, 427 U.S. 97, 108(1976) (stating that there is no denial of due process "unless the omission deprived the defendant of a fair trial"). The Supreme Court also explained that evidence is material, for Brady purposes, "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Bagley, 473 U.S. at 682.

[3] In Mathews, the Supreme Court explained that "[p]rocedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." Id. at 332. The Supreme Court explained that where the government seeks to deprive an individual of such an interest, the courts must consider the following factors in determining what administrative safeguards are required: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute

6

U.S. 319 (1976), and its progeny.  While not foreclosing the possibility that another plaintiff might be entitled to post-conviction biological evidence under different circumstances ("Today we need not and do not decide whether there can *ever* be a post-conviction right of access to the type of biological evidence Grayson seeks for DNA testing" 460 F.3d at 1342 (emphasis in original)), the opinion certainly severely narrowed the circumstances under which such a right might exist.

In this case, the plaintiff Morgan argues that he is entitled to the release of non-biological evidence because a showing that the cocaine did not contain his DNA would exonerate him.  The plaintiff does not, however, explain why the (apparently) disputed issue of whether the plaintiff put the cocaine in his mouth was material to the proceedings and denied him a fair trial; whether he had sufficient opportunities to challenge the constitutionality of his conviction; the extent of the risk of an erroneous deprivation of the plaintiff's liberty interest; the probable value of the results of any DNA testing; and why the need for testing outweighs the compelling government of finality of duly adjudicated criminal judgments.  Without the benefit of transcripts, it appears that the plaintiff admittedly possessed cocaine, and the issue of whether he put or attempted to put cocaine in his mouth is a collateral issue.  Additionally, even the absence of any DNA evidence on the seized cocaine would not necessarily indicate that he did not attempt to put the cocaine in his mouth or that he did

---

procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. Id. at 335.  Thus, Mathews applies only where an individual has a liberty or property interest that the government seeks to eliminate, and the Mathews test concerns the administrative procedures required.

not possess the cocaine. It is also noted that the plaintiff's appeal recently was decided, leaving an opportunity for the plaintiff to pursue post-conviction state and federal relief to challenge the constitutionality of the state proceedings.

As noted in <u>Grayson</u>, <u>Brady</u> concerned the suppression of evidence prior to and during trial that was material to the proceedings and denied the criminal defendant a fair trial. As in <u>Grayson</u>, the plaintiff herein does not allege in his federal civil rights complaint that any biological or other evidence was suppressed at trial. As with the defendant in <u>Grayson</u>, "the time for fair trial arguments has long since passed," <u>Grayson</u> at 1338, and <u>Brady</u> does not create a right to post-conviction biological evidence that "might" be exculpatory. <u>Id.</u> This Court finds that <u>Brady</u> does not confer a right to DNA testing of the evidence in this case, as the plaintiff had an opportunity to raise constitutional claims about the fairness of his trial at the state level and still has opportunities to do so, and it is quite speculative that any DNA testing would exonerate him, in the face of apparent eyewitness identification of his presence at the crime scene and his admitted possession of physical evidence.

The Undersigned further finds that <u>Mathews</u> does not create a right to the evidence. The plaintiff had an opportunity to challenge the constitutionality of his conviction, and he still may seek relief in the state courts. The risk of an erroneous deprivation of the plaintiff's liberty interest is thus exceedingly low and the probable value of the results of any DNA testing is virtually non-existent. Further, the compelling government interests such as the finality of duly adjudicated criminal judgments "weigh heavily" against the plaintiff's need for testing the evidence. <u>Grayson</u> at 1342.

In sum, the Undersigned finds that the plaintiff has failed to establish that he has a constitutional right to the production of the evidence he seeks.

### III.  Recommendation

Based on the foregoing, it is recommended that 1) the complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii); and 2) the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 29th day of May, 2008.

                                    _____
                                    UNITED STATES MAGISTRATE JUDGE

cc:   Lonnie Morgan, Pro Se
      DC No. 596360
      Glades Correctional Institution
      Glades Work Camp
      2600 N. Main Street
      Belle Glade, FL 33430